a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **WALTER ALLEN DUBOSE #116005,** **Plaintiff** | **CIVIL DOCKET NO. 1:25-CV-00181** **SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MARCUS MYERS ET AL,** **Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Walter Allen DuBose ("DuBose"). DuBose is incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges the violation of his constitutional rights by Warden Marcus Myers, Assistant Warden Joseph Hext, Assistant Warden Nikki Chenevert, "any employees responsible in property search handling the day of July 1, 2024," and any employees "responsible for not responding to grievances at RLCC." ECF No. 1 at 3.

Because Dubose fails to state a viable constitutional claim, his Complaint should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

DuBose alleges that his personal property and mail was searched when he was transferred to RLCC. Although DuBose was provided copies of his mail, the original documents and envelopes were confiscated because Defendants believed illegal substances were being sent into the facility through the paper and envelopes of

1

incoming mail.  ECF No. 1 at 3.  DuBose asserts that he is missing some legal documents, and he has received no responses to his administrative grievances.  *Id.* at 4.

DuBose also provides allegations regarding what he labels "Claim II," pertaining to an eye surgery at Ochsner LSU in Shreveport, Louisiana.  *Id.* at 5-6.  The allegations discussed in "Claim II" are the subject of another case, No. 25-cv-267 (W.D. La.), and are unrelated to the Defendants and allegations presented in this case.

## II.    Law and Analysis

### A.    Screening

Because DuBose is suing officers or employees of a governmental entity and proceeding *in forma pauperis* (ECF No. 9), his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2).  Both statues provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B.    DuBose fails to state a viable due process claim.

DuBose alleges that he was denied due process by the loss of his documents.  A claim of deprivation of property by persons acting under color of state law is cognizable in §1983 litigation under the Due Process Clause of the Fourteenth Amendment.  However, where the deprivation was random and unauthorized and the state has an adequate post-deprivation tort remedy, due process is satisfied.  *Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the

2

state has a meaningful post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527 (1981) (finding no due process violation when a state employee negligently deprives an individual of property if the state provides a post-deprivation remedy), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (plaintiff failed to state a viable claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct); *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) (noting that deprivations of property caused by the misconduct of state officials do not violate constitutional due process, provided adequate state post-deprivation remedies exist).

DuBose states that some documents went missing when Defendants were making copies. Therefore, the deprivation was random and unauthorized. But DuBose's due process rights were not violated because Louisiana provides an adequate post-deprivation remedy. *See Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984) (citing *Brewer v. Blackwell*, 692 F.2d 387, 394 (5th Cir. 1982)).

### C. <u>DuBose was not deprived of access to the courts.</u>

To the extent DuBose implies that he was denied access to the courts because of the lost documents, his claim fails. Although prisoners have a constitutionally recognized right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), it is not a "freestanding right," *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access encompasses no more than the ability of a prisoner to prepare and transmit a necessary legal document to the court. *Clewis v. Hirsch*, 700 F. App'x. 347, 348 (5th

Cir. 2017) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal quotations and footnote omitted)).   The right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353.   A plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353–54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).   In making this showing, a plaintiff must allege that he suffered an actual injury resulting from the alleged denial of access, *id.* at 349, and that his ability to pursue a "nonfrivolous, arguable" claim was hindered, *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353)).   DuBose does not allege that he lost an actionable claim or was prevented from presenting a claim because of the alleged denial.   Thus, he suffered no injury.

### D.    DuBose has no constitutional right to a grievance process.

DuBose alleges that Defendants failed to respond to his administrative grievances.   ECF No. 1 at 4.   However, there is no federally protected liberty interest in an administrative remedy process or in having grievances resolved to one's satisfaction. *Comeaux v. Stalder*, 300 F. App'x 306, 308 (5th Cir. 2008) (citing *Geiger*, 404 F.3d at 374).

### E.    DuBose's unrelated allegations should be stricken.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to, *sua sponte*, strike immaterial or impertinent matter.  *See* Fed. R. Civ. P. 12.  The allegations presented as "Claim II" are pertinent to another of DuBose's lawsuits and should be stricken from this Complaint (ECF No. 1).  Accordingly, the Court will consider DuBose's medical care claim in Case No. 25-cv-267.

## III.    Conclusion

Because DuBose fails to state a viable constitutional claim regarding his mail and administrative grievances, and his allegations regarding medical care are immaterial to this case, IT IS RECOMMENDED that "Claim II" be STRICKEN and the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 16, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE